**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

CATHERINE AKBARIEH,

*Plaintiff*,

v.

TRACY S. KISSLER, *et al.*,

*Defendants*.

Civil Action No. 25-02196 (AHA)

## Memorandum Opinion

Catherine Akbarieh sues various people and entities, including judicial officers, companies, and a county sheriff's office, challenging a Virginia state court's decision to "move forward" with eviction proceedings in relation to a Virginia property. Akbarieh asks for an injunction reversing her eviction, a declaration affirming her ownership of the property, and damages. Several defendants move to dismiss, arguing this court lacks jurisdiction over them and over the claims asserted, that they were not properly served, and that Akbarieh fails to state a claim. The court agrees the case must be dismissed.

### I.     Background[1]

The complaint appears to allege Akbarieh is the authorized representative of private estates that own property in Loudoun County, Virginia. ECF No. 1 at 1–4. Akbarieh challenges eviction

---

[1]     As required at this stage, the court accepts the complaint's well-pled factual allegations and draws all reasonable inferences in Akbarieh's favor. *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015). Although the defendants attach materials to their motions to dismiss, the court declines to consider them. *See Sanchez-Angeles v. Universal Protection Service, LLC*, No. 22-cv-614, 2022 WL 16921525, at *2 (D.D.C. Nov. 14, 2022) (citing *Kim v. United States*, 632 F.3d 713, 719 (D.C. Cir. 2011)).

proceedings in a Loudoun County court, which she alleges should have been, but were not, automatically stayed pending a bankruptcy proceeding. *Id.* at 3. She styles her complaint as a "verified petition to transfer jurisdiction and demand for Article III review," and indicates her intent to transfer or remove her eviction proceeding from the Loudoun County General District Court to this court. *See id.* at 1–2; ECF No. 63 at 10–11. The complaint asserts jurisdiction under the bankruptcy code, "[c]ommon law and equitable trust jurisdiction," and general constitutional and jurisdictional provisions. *See* ECF No. 1 at 2.[2]

Several defendants, including the clerk and presiding judge of the Loudoun County General District Court; the Loudoun County Sheriff's Office; Tracy S. Kissler and her law firm Tracy S. Kissler, P.C.; MERSCORP Holdings, Inc.; and Suntrust Mortgage, Inc. move to dismiss the complaint. ECF Nos. 16, 39, 46, 48, 52.

## II.    Discussion

Akbarieh's case must be dismissed because she does not identify a basis for this court's jurisdiction, appears to assert claims beyond this court's jurisdiction, and fails to provide the defendants with notice of the claims against them.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). And "[w]hen a court

---

[2]    While the court accepts as true Akbarieh's allegation that she is the authorized representative for the estates listed, it construes the claims as being asserted by Akbarieh herself. Akbarieh, who appears pro se and not as an attorney, cannot represent others. *See United States ex rel. Feliciano v. Ardoin*, 127 F.4th 382, 383 (D.C. Cir. 2025) (per curiam) ("While parties may conduct their own cases pro se, a non-attorney cannot appear pro se and seek to represent others." (cleaned up)); *see also Casares v. Wells Fargo Bank, N.A.*, No. 13-cv-1633, 2015 WL 13679889, at *2 (D.D.C. May 4, 2015) (recognizing that a litigant proceeding pro se "cannot represent the trust in federal court, even as the trustee, as he is not a licensed attorney").

lacks subject matter jurisdiction, it must dismiss the case." *Auster v. Ghana Airways Ltd.*, 514 F.3d 44, 48 (D.C. Cir. 2008) (citing Fed. R. Civ. P. 12(h)(3)).

The federal rules also require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This ensures the defendant has "notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (cleaned up). A court may dismiss a complaint that fails to meet these requirements upon motion or on its own accord. *See* Fed. R. Civ. P. 41(b); *see also Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) ("Rule 41(b) authorizes the court to dismiss either a claim or an action because of the plaintiff's failure to comply with the Federal Rules."); *Dali v. Walter Reed Nat'l Mil. Med. Ctr.*, No. 24-cv-3313, 2025 WL 326575, at *1 (D.D.C. Jan. 29, 2025) (observing that dismissals under Rule 8(a) "may be ordered on motion or *sua sponte* by the court").

In cases like this involving an unrepresented or "pro se" litigant, the court is careful to give extra leeway. The court evaluates the complaint "in light of all filings, including filings responsive to a motion to dismiss." *Ho v. Garland*, 106 F.4th 47, 50 (D.C. Cir. 2024) (quotation marks omitted) (quoting *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015)). Of course, an unrepresented plaintiff still "must plead factual matter that permits the court to infer more than the mere possibility of misconduct." *Jones v. Horne*, 634 F.3d 588, 596 (D.C. Cir. 2011) (quotation marks omitted) (quoting *Atherton v. D.C. Off. of Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009)). While "detailed factual allegations" are not necessary, the plaintiff must furnish "more

3

than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

Akbarieh has not identified any ground on which this court could exercise jurisdiction. In her briefing, Akbarieh argues her claims raise a federal question because they involve a "deed of trust" and "promissory note," which she calls "federal instruments." *See* ECF No. 63 at 7–10. But the promises in such documents are generally enforceable through state law and, while deeds and contracts can have certain significance under federal law, that does not mean any case involving that deed or contract is a civil action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Akbarieh does not identify any federal cause of action arising from her allegations about those instruments. Akbarieh also argues this court has jurisdiction because she has removed her case from Loudoun County court to this court. *See* ECF No. 63 at 10–11. But the federal removal statute provides for removal of a state action to "the district and division within which such action is pending." 28 U.S.C. § 1446(a). It does not allow removal from a Virginia state court to D.C. federal court.[3]

Akbarieh appears to assert claims outside this court's jurisdiction. The complaint disputes a Loudoun County court's decision to "move forward" with eviction proceedings and asks this court to declare that "Virginia court proceedings" are "legally null and without force." ECF No. 1 at 3, 5; *see also* ECF No. 3-7 at 1; ECF No. 4 at 2, 5 (asking for relief from the Loudoun County court's entry of a default judgment and issuance of a writ of eviction). To the extent Akbarieh asks this court to review decisions of the Loudoun County court, this court lacks jurisdiction to do it. Federal district courts may not hear "cases that amount to the functional equivalent of an appeal

---

[3]    Akbarieh similarly cites no authority that would permit "transfer" of her case from Loudoun County court to this court, despite how she styles her complaint. *See* ECF No. 1 at 1–2.

from a state court." *Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002); *see also Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). That includes when the plaintiff claims "that the state judgment itself violates the [plaintiff's] federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994). And to the extent Akbarieh asks this court to intervene in an ongoing eviction proceeding, this court cannot do that either—"federal courts may not interfere with pending state judicial or administrative proceedings." *LaShawn A. by Moore v. Kelly*, 990 F.2d 1319, 1322 (D.C. Cir. 1993); *see also Younger v. Harris*, 401 U.S. 37 (1971).

Finally, Akbarieh's complaint must be dismissed because it does not provide the defendants with notice of the claims against them. The complaint offers only vague and conclusory allegations of wrongdoing, such as that the defendants "failed to provide timely notice, used incorrect names and engaged in mail fraud, process manipulation, and constructive fraud." ECF No. 1 at 3. It does not explain when or where the relevant events occurred, or what specific conduct by which particular defendant gives rise to these allegations. For example, Akbarieh says that a bankruptcy court's automatic stay was violated but does not allege basic details, such as what bankruptcy court entered the stay, when it was entered, and whether it is still in effect, such that the court cannot discern the nature of the claim or any grounds for this court's jurisdiction. *See id.*[4]

---

[4]    Akbarieh's complaint identifies an Eastern District of Virginia bankruptcy case as related, but that case appears to have been dismissed before the events alleged in the complaint. *See* ECF No. 1-1 at 3; Order Dismissing Case, *In re: Catherine Akbarieh*, No. 25-10491 (Bankr. E.D. Va. Apr. 30, 2025); ECF No. 1 at 3 (stating that Kissler moved to reopen eviction proceedings in May 2025). And Akbarieh cites no authority that would allow this court to exercise jurisdiction over claims related to a stay entered in that case.

### III.    Conclusion

For these reasons, the court grants the motions to dismiss and dismisses the complaint in its entirety.

A separate order accompanies this memorandum opinion.

—————————————————
AMIR H. ALI
United States District Judge

Date:    March 9, 2026

6